Local Form 3015-1 (05/19)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Kathryn Irene Fossum**

Case No. **19-31554**
CHAPTER 13 PLAN ☑ Modified
Dated: **January 8, 2020**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $ **3,325.00** .
2.2 After the date of this plan, the debtor will pay the trustee $ **970.00** per **Month** for **53** months, **beginning January 2020,** for a total of $ **51,410.00** .The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **$970.00 in month 53 to make up for the missed payment.**
2.5 The debtor will pay the trustee a total of $ **52,380.00 from the date of the modified plan.**

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **5,238.00** [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of payments | Total Payments |
|---|---|---|---|---|
| 4.1 | **Flagship Credit Acceptance** | | | *$388.66 |
| | TOTAL | | | $0.00 |

**\*Paid Flagship Credit Acceptance: $388.66**

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |
| TOTAL | | | | | $0.00 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|   | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
|   | -NONE- | | | | | | |
|   | TOTAL | | | | | | **$0.00** |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amount except for secured claims of govern-mental units**): The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|   | Creditor | Claim amount | Secured Claim | Int. rate | Begin-ning in month # | Monthly payment | X Num of pmts. | = Plan pmts | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|   | -NONE- | | | | | $ | | | | |
|   | TOTAL | | | | | | | | | **$0.00** |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|   | Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | X Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| **10.1** | **Flagship Credit Acceptance** | **$23,393.76** | **5.25** | **1** | **$488.00** | **53** | **$25,824.43** | **Paid** | ***$25,824.43** |
|   | TOTAL | | | | | | | | **$25,824.43** |

**\*Paid Flagship Credit Acceptance: $435.91**

**Part 11.  PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| **11.1** | **Attorney Fees** | **$3,500.00** | **$385.00** | **1** | **4** | ***$1,205.27** |
| **11.2** | **Attorney Fees (Post)** | **$750.00** | **$385.00** | **5** | **2** | **$750.00** |
| **11.3** | **Internal Revenue Service** | **$0.00** | | | | **$0.00** |
| **11.4** | **MN Dept of Revenue** | **$0.00** | | | | **$0.00** |
|   | TOTAL | | | | | **$1,955.27** |

**\*Paid Attorney Fees: $2,294.73**

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
|   | -NONE- | | | | | |
|   | TOTAL | | | | | **$0.00** |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Estimated claim | Interest Rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | Total payments |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |
| TOTAL | | | | | | **$0.00** |

**Part 14. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **19,362.30**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1   The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **0.00** .

14.2   The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **17,317.71** .

14.3   Total estimated unsecured claims are $ **17,317.71**   [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|---|---|
| -NONE- | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **17.1** | **The plan includes one make-up payment and will pay as follows: $970.00 Monthly for 53 months with one make-up payment of $970.00 in the final month of the plan.** |

| | |
|---|---|
| **17.2** | **This is a 100% plan. General unsecured non-priority claims that are timely filed shall be paid in full with interest at the federal judgment rate, which at the time of filing was 2.41%.**<br><br>**Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Part 14 above.**<br><br>**A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtor(s) monthly statements and are authorized to speak to debtor about post-petition payments.** |

|      | |
|------|-|
|      | **Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim.  For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim.  Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.** |
| 17.3 | |

| Class of Payment | | Amount to be paid |
|---|---|---:|
| Payments by trustee [Part 3] | $ | **5,238.00** |
| Home mortgages in Defaults [Part 7] | $ | **0.00** |
| Claims in Default [Part 8] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 10] | $ | **25,824.43** |
| Priority Claims [Part 11] | $ | **1,955.27** |
| Domestic support obligation claims [Part 12] | $ | **0.00** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **19,362.30** |
| TOTAL (must equal line 2.5) | $ | **52,380.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:    **/s/ Margaret R. Henehan**
           **Margaret R. Henehan 0395419**
           Attorney for debtor or debtor if pro se

Signed:    **/s/ Kathryn Irene Fossum**
           **Kathryn Irene Fossum**
           Debtor 1

Signed:    _____
           Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  Case No. 19-31554

Kathryn Irene Fossum,

       Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

    I, Brandi J. Babatz, declare under penalty of perjury that on January 8, 2020, I caused to be served the Notice of Hearing and Motion, Memorandum in Support of Debtor's Motion for Post-Confirmation Modification and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: January 8, 2020                           /e/ Brandi J. Babatz
                                                                    Brandi J. Babatz
                                                                    Kain & Scott, P.A.

```
Label Matrix for local noticing            St Paul                                    Alltran Financial
0864-3                                     200 Warren E Burger Federal Building and   PO Box 610
Case 19-31554                              US Courthouse                              Sauk Rapids MN 56379-0610
District of Minnesota                      316 N Robert St
St Paul                                    St Paul, MN 55101-1465
Tue Jan  7 18:02:21 CST 2020

Bridge Lending Solutions                   CW Nexus Credit Card Holdings 1, LLC       Capital One
PO Box 481                                 Resurgent Capital Services                 Attn: Bankruptcy
Lac Du Flambeau WI 54538-0481              PO Box 10368                               Po Box 30285
                                           Greenville, SC 29603-0368                  Salt Lake City UT 84130-0285


Capital One Bank (USA), N.A.               Capital One Bank NA                        Capital One, N.A.
by American InfoSource as agent            by American InfoSource                     c/o Becket and Lee LLP
PO Box 71083                               4515 N Santa Fe Ave                        PO Box 3001
Charlotte, NC  28272-1083                  Oklahoma City OK 73118-7901                Malvern PA 19355-0701


Chase Card Services                        Coast Professional, Inc.                   Credit Control, LLC
Attn: Bankruptcy                           PO BOX 2899                                5757 Phantom Dr #330
Po Box 15298                               West Monroe LA 71294-2899                  Hazelwood MO 63042-2429
Wilmington DE 19850-5298


Credit One Bank                            Credit One Bank                            Diversified Adjustment
Attn: Bankruptcy Department                Po Box 98875                               600 Coon Rapids Blvd
Po Box 98873                               Las Vegas NV 89193-8875                    Minneapolis MN 55433-5549
Las Vegas NV 89193-8873


Elastic/Republic Bank and Trus             FedLoan Servicing                          FingerHut- Jefferson Capital
PO Box 950276                              Attn: Bankruptcy                           Attn: Bankruptcy
Louisville KY 40295-0276                   Po Box 69184                               PO BOX 772813
                                           Harrisburg PA 17106-9184                   Chicago IL 60677-2813


Finwise Rise                               Flagship Credit Acceptance                 Flagship Credit Acceptance
4150 International Plaza                   2345 Rice St #230                          PO BOX 975658
Fort Worth TX 76109-4892                   Roseville MN 55113-3769                    Dallas TX 75397-5658


Flagship Credit Acceptance                 Flagship Credit Acceptance                 (p)GREEN TRUST CASH LLC
PO Box 3807                                Po Box 965                                 PO BOX 340
Coppell TX 75019-5877                      Chadds Ford PA 19317-0643                  HAYS MT 59527-0340


Internal Revenue Service                   (p)JEFFERSON CAPITAL SYSTEMS LLC           Jefferson Capital Systems, LLC
Centralized Insolvency                     PO BOX 7999                                Po Box 1999
PO Box 7346                                SAINT CLOUD MN 56302-7999                  Saint Cloud MN 56302
Philadelphia PA 19101-7346


Juliann Miller                             Kohls/Capital One                          LVNV Funding, LLC
6800 France Ave S                          N56 W 17000 Ridgewood Dr                   Resurgent Capital Services
Suite 560                                  Menomonee Falls WI 53051-5660              PO Box 10587
Edina MN 55435-2019                                                                   Greenville, SC 29603-0587
```

```
LVNV Funding/Resurgent Capital      Loans at Last                       MN Dept of Revenue
Attn: Bankruptcy                    PO BOX 1193                         Attn: Denise Jones
Po Box 10497                        Lac Du Flambeau WI 54538-1193       PO Box 64447
Greenville SC 29603-0497                                                Saint Paul MN 55164-0447


Merrick Bank/CardWorks              Municipal Collections of Ameri      NCB Management Services
Attn: Bankruptcy                    3348 Ridge Rd                       Attn: Bankruptcy
Po Box 9201                         Lansing IL 60438-3112               One Allied Drive
Old Bethpage NY 11804-9001                                              Trevose PA 19053-6945


Navient                             Navient                             Navient Solutions, LLC. on behalf of
Attn: Bankruptcy                    Po Box 9500                         Ascendium Education Solutions Inc.
Po Box 9000                         Wilkes Barre PA 18773-9500          Po Box 8961
Wiles-Barr PA 18773-9000                                                Madison WI 53708-8961


Nordstrom Card Services             Park Nicollet                       Rgs Financial
Attn: Bankruptcy                    PO BOX 9158                         1700 Jay Ell Dr Ste 200
13531 E. Caley Ave                  Minneapolis MN 55480-9158           Richardson TX 75081-6788
Centennial CO 80111-6505


Rise Credit                         Stewart, Zlimen & Jungers           Target Card Services
PO BOX 101808                       2860 Patton Road                    Attn: Bankruptcy
Fort Worth TX 76185-1808            Roseville MN 55113-1100             PO Box 660170
                                                                        Dallas TX 75266-0170


U.S. Department of Education        U.S. Department of Education        US Trustee
Ecmc/Bankruptcy                     c/o FedLoan Servicing               1015 US Courthouse
Po Box 16408                        P.O. Box 69184                      300 S 4th St
Saint Paul MN 55116-0408            Harrisburg, PA 17106-9184           Minneapolis, MN 55415-3070


Wells Fargo Financial Nat Bank      Wells Fargo/Slumberland Furniture   Zocoloans
800 Walnut St                       Attn: Bankruptcy                    27565 Research Park Dr
Doc Dept MAC F4030-04C              Pob 10438  Mac F8235-02f            PO BOX 1147
Des Moines IA 50309-3605            Des Moines IA 50306-0438            Mission SD 57555-1147


Gregory A Burrell                   Kathryn Irene Fossum                Margaret R. Henehan
100 South Fifth Street              15610 Eagle Bay Dr                  Kain & Scott PA
Suite 480                           Apple Valley, MN 55124-7854         6445 Sycamore Court N
Minneapolis, MN 55402-1250                                              Maple Grove, MN 55369-6028
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Green Trust Cash, LLC               Jefferson Capital Systems LLC       End of Label Matrix
PO Box 330                          Po Box 7999                         Mailable recipients   53
Hays MT 59527                       Saint Cloud Mn 56302-9617           Bypassed recipients    0
                                                                        Total                 53
```

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

**Kathryn Irene Fossum**

Case No. **19-31554**

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☑ OTHER: MOTION TO MODIFY POST-CONFIRMATION CHAPTER 13 PLAN

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 12-16-19

X /s/ Kathryn Fossum
Signature of Debtor1 or Authorized Representative

X _____
Signature of Debtor 2

Kathryn Irene Fossum
Printed Name of Debtor 1 or Authorized Representative

Printed Name of Debtor 2