Local Form 3015-1 (05/19)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Kathryn Irene Fossum**

Case No. **19-31554**
CHAPTER 13 PLAN ☑ Modified
Dated: **March 18, 2020**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $ **4,295.00** .
2.2 After the date of this plan, the debtor will pay the trustee $ **445.00** per **Month** for **51** months, **beginning March 2020,** for a total of $ **22,695.00** . The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee ___.
2.5 The debtor will pay the trustee a total of $ **22,695.00 from the date of the modified plan.**

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,269.50** [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of payments | Total Payments |
|---|---|---|---|---|
| 4.1 | **Flagship Credit Acceptance** | | | **\*$388.66** |
| | TOTAL | | | **$0.00** |

**\*Paid Flagship Credit Acceptance: $388.66**

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |
| TOTAL | | | | | **$0.00** |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|   | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
|   | **-NONE-** | | | | | | |
|   | TOTAL | | | | | | **$0.00** |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amount except for secured claims of govern-mental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|   | Creditor | Claim amount | Secured Claim | Int. rate | Beginning in month # | Monthly payment | X Num of pmts. | = Plan pmts | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|   | **-NONE-** | | | | $ | | | | | |
|   | TOTAL | | | | | | | | | **$0.00** |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|   | Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | X Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 | Flagship Credit Acceptance | $23,393.76 | 5.25 | | | | $435.91 | Paid | *$435.91 |
|   | TOTAL | | | | | | | | **$0.00** |

**\*Paid Flagship Credit Acceptance: $435.91**

**Part 11.  PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney Fees | $3,500.00 | $400.00 | 1 | 4 | *$1,205.27 |
| 11.2 | Attorney Fees (Post) | $750.00 | $400.00 | 5 | 2 | $750.00 |
| 11.3 | Attorney Fees (Post) | $750.00 | $400.00 | 7 | 2 | $750.00 |
| 11.4 | Internal Revenue Service | $0.00 | | | | $0.00 |
| 11.5 | MN Dept of Revenue | $0.00 | | | | $0.00 |
|   | TOTAL | | | | | $2,705.27 |

**\*Paid Attorney Fees: $2,294.73**

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
|   | **-NONE-** | | | | | |
|   | TOTAL | | | | | **$0.00** |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|   | Creditor | Estimated claim | Interest Rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | Total payments |
|---|---|---|---|---|---|---|---|
|   | -NONE- |   |   |   |   |   |   |
|   | TOTAL |   |   |   |   |   | **$0.00** |

**Part 14. TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **17,720.23**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **0.00** .

14.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **17,317.71** .

14.3    Total estimated unsecured claims are $ **17,317.71**   [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|   | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
| 16.1 | Flagship Credit Acceptance | 2014 Nissan Murano |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | **This is a 100% plan. General unsecured non-priority claims that are timely filed shall be paid in full with interest at the federal judgment rate, which at the time of tiling was 2.41%.**  **Flagship Credit Acceptance (2014 Nissan Murano): Creditor shall be entitled to a deficiency claim if the claim is amended. If the claim is amended and the plan is no longer fully funded, the debtor shall modify the plan to provide for the claim accordingly.**  **Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Part 14 above.**  **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**  **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**  **Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).**  **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**  **All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan,** |
|---|---|

|      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | send debtor(s) monthly statements and are authorized to speak to debtor about post-petition payments.<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.** |
| 17.2 |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |

| Class of Payment | | Amount to be paid |
|---|---|---:|
| Payments by trustee [Part 3] | $ | **2,269.50** |
| Home mortgages in Defaults [Part 7] | $ | **0.00** |
| Claims in Default [Part 8] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 10] | $ | **.000** |
| Priority Claims [Part 11] | $ | **2,705.27** |
| Domestic support obligation claims [Part 12] | $ | **0.00** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **17,720.23** |
| TOTAL (must equal line 2.5) | $ | **22,695.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: **/s/ Margaret R. Henehan**
**Margaret R. Henehan 0395419**
Attorney for debtor or debtor if pro se

Signed: **/s/ Kathryn Irene Fossum**
**Kathryn Irene Fossum**
Debtor 1

Signed: _____
Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  Case No. 19-31554

Kathryn Irene Fossum,

       Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

    I, Brandi J. Babatz, declare under penalty of perjury that on March 18, 2020, I caused to be served the Notice of Hearing and Motion, Memorandum in Support of Debtor's Motion for Post-Confirmation Modification and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: March 18, 2020                                                         /e/ Brandi J. Babatz
                                                                                     Brandi J. Babatz
                                                                                     Kain & Scott, P.A.

```
Label Matrix for local noticing        St Paul                                 Alltran Financial
0864-3                                  200 Warren E Burger Federal Building and   PO Box 610
Case 19-31554                           US Courthouse                          Sauk Rapids MN 56379-0610
District of Minnesota                   316 N Robert St
St Paul                                 St Paul, MN 55101-1465
Sun Mar 15 13:08:11 CDT 2020

Bridge Lending Solutions               CW Nexus Credit Card Holdings 1, LLC   Capital One
PO Box 481                             Resurgent Capital Services              Attn: Bankruptcy
Lac Du Flambeau WI 54538-0481          PO Box 10368                            Po Box 30285
                                       Greenville, SC 29603-0368               Salt Lake City UT 84130-0285


Capital One Bank (USA), N.A.           Capital One Bank NA                     Capital One, N.A.
by American InfoSource as agent        by American InfoSource                  c/o Becket and Lee LLP
PO Box 71083                           4515 N Santa Fe Ave                     PO Box 3001
Charlotte, NC  28272-1083              Oklahoma City OK 73118-7901             Malvern PA 19355-0701


(p)JPMORGAN CHASE BANK  N A            Coast Professional, Inc.                Credit Control, LLC
BANKRUPTCY MAIL INTAKE TEAM            PO BOX 2899                             5757 Phantom Dr #330
700 KANSAS LANE FLOOR 01               West Monroe LA 71294-2899               Hazelwood MO 63042-2429
MONROE LA 71203-4774


Credit One Bank                        Credit One Bank                         Diversified Adjustment
Attn: Bankruptcy Department            Po Box 98875                            600 Coon Rapids Blvd
Po Box 98873                           Las Vegas NV 89193-8875                 Minneapolis MN 55433-5549
Las Vegas NV 89193-8873


Elastic/Republic Bank and Trus         FedLoan Servicing                       FingerHut- Jefferson Capital
PO Box 950276                          Attn: Bankruptcy                        Attn: Bankruptcy
Louisville KY 40295-0276               Po Box 69184                            PO BOX 772813
                                       Harrisburg PA 17106-9184                Chicago IL 60677-2813


Finwise Rise                           Flagship Credit Acceptance              Flagship Credit Acceptance
4150 International Plaza               2345 Rice St #230                       PO BOX 975658
Fort Worth TX 76109-4892               Roseville MN 55113-3769                 Dallas TX 75397-5658


Flagship Credit Acceptance             Flagship Credit Acceptance              (p)GREEN TRUST CASH LLC
PO Box 3807                            Po Box 965                              PO BOX 340
Coppell TX 75019-5877                  Chadds Ford PA 19317-0643               HAYS MT 59527-0340


Internal Revenue Service               (p)JEFFERSON CAPITAL SYSTEMS LLC        Jefferson Capital Systems, LLC
Centralized Insolvency                 PO BOX 7999                             Po Box 1999
PO Box 7346                            SAINT CLOUD MN 56302-7999               Saint Cloud MN 56302
Philadelphia PA 19101-7346


Juliann Miller                         Kohls/Capital One                       LVNV Funding, LLC
6800 France Ave S                      N56 W 17000 Ridgewood Dr                Resurgent Capital Services
Suite 560                              Menomonee Falls WI 53051-5660           PO Box 10587
Edina MN 55435-2019                                                            Greenville, SC 29603-0587
```

| | | |
|---|---|---|
| LVNV Funding/Resurgent Capital<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville SC 29603-0497 | Loans at Last<br>PO BOX 1193<br>Lac Du Flambeau WI 54538-1193 | MN Dept of Revenue<br>Attn: Denise Jones<br>PO Box 64447<br>Saint Paul MN 55164-0447 |
| Merrick Bank/CardWorks<br>Attn: Bankruptcy<br>Po Box 9201<br>Old Bethpage NY 11804-9001 | Municipal Collections of Ameri<br>3348 Ridge Rd<br>Lansing IL 60438-3112 | NCB Management Services<br>Attn: Bankruptcy<br>One Allied Drive<br>Trevose PA 19053-6945 |
| Navient<br>Attn: Bankruptcy<br>Po Box 9000<br>Wiles-Barr PA 18773-9000 | Navient<br>Po Box 9500<br>Wilkes Barre PA 18773-9500 | Navient Solutions, LLC. on behalf of<br>Ascendium Education Solutions Inc.<br>Po Box 8961<br>Madison WI 53708-8961 |
| Nordstrom Card Services<br>Attn: Bankruptcy<br>13531 E. Caley Ave<br>Centennial CO 80111-6505 | Park Nicollet<br>PO BOX 9158<br>Minneapolis MN 55480-9158 | Rgs Financial<br>1700 Jay Ell Dr Ste 200<br>Richardson TX 75081-6788 |
| Rise Credit<br>PO BOX 101808<br>Fort Worth TX 76185-1808 | Stewart, Zlimen & Jungers<br>2860 Patton Road<br>Roseville MN 55113-1100 | Target Card Services<br>Attn: Bankruptcy<br>PO Box 660170<br>Dallas TX 75266-0170 |
| U.S. Department of Education<br>Ecmc/Bankruptcy<br>Po Box 16408<br>Saint Paul MN 55116-0408 | U.S. Department of Education<br>c/o FedLoan Servicing<br>P.O. Box 69184<br>Harrisburg, PA 17106-9184 | US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 |
| Wells Fargo Financial Nat Bank<br>800 Walnut St<br>Doc Dept MAC F4030-04C<br>Des Moines IA 50309-3605 | Wells Fargo/Slumberland Furniture<br>Attn: Bankruptcy<br>Pob 10438  Mac F8235-02f<br>Des Moines IA 50306-0438 | Zocoloans<br>27565 Research Park Dr<br>PO BOX 1147<br>Mission SD 57555-1147 |
| Gregory A Burrell<br>100 South Fifth Street<br>Suite 480<br>Minneapolis, MN 55402-1250 | Kathryn Irene Fossum<br>15610 Eagle Bay Dr<br>Apple Valley, MN 55124-7854 | Margaret R. Henehan<br>Kain & Scott PA<br>6445 Sycamore Court N<br>Maple Grove, MN 55369-6028 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington DE 19850 | Green Trust Cash, LLC<br>PO Box 330<br>Hays MT 59527 | Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 |

```
End of Label Matrix
Mailable recipients    53
Bypassed recipients     0
Total                  53
```

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
**Kathryn Irene Fossum**

Case No. **19-31554**

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☑ OTHER: MOTION TO MODIFY POST-CONFIRMATION CHAPTER 13 PLAN

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 3/16/20

X  /s/ Fossum
Signature of Debtor1 or Authorized
Representative

**Kathryn Irene Fossum**
Printed Name of Debtor 1 or
Authorized Representative

X
Signature of Debtor 2

Printed Name of Debtor 2